UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ERIK S. BOWKER, | ) | CASE NO. 1:05 CV 2487 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DEAN R. HASSMAN, et al. | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

CHRISTOPHER A. BOYKO, J.:

      This action was removed from the Geauga County Ohio Court of Common Pleas on October 21, 2005. The plaintiff *pro se*, Erik S. Bowker, filed this action against Federal Bureau of Investigation ("FBI") Agent Dean Hassman and the United States of America. In the complaint, plaintiff alleges that subsequent to his arrest, federal agents searched his home, his vehicle and a storage locker without a warrant and seized unspecified items. He seeks judgment against the defendants in the amount of $1,000,000.00.

*Background*

      Mr. Bowker was arrested by federal agents at a storage facility in Youngstown, Ohio on August 29, 2001. He claims he was searched incident to this arrest; and several personal property items were taken by the authorities. His vehicle was also searched and unidentified items

found therein were confiscated. He contends that the officers did not have a warrant authorizing the search of his vehicle. His home, a storage area, and "storage truck-trailer and other facilities, areas and vehicles" were searched as part of the investigation. (Compl. at 2.) Mr. Bowker claims the searches were conducted without proper warrants and unspecified personal property was "seized or stolen." (Compl. at 2.) He seeks an award of $ 1,000,000.00 for deprivations of "the rights and immunities afforded to him by the Ohio Constitution." (Compl. at 4.) Mr. Bowker was convicted of interstate stalking in violation of 18 U.S.C. §2261A(1), cyberstalking in violation of 18 U.S.C. § 2261A(2), theft of mail in violation of 18 U.S.C. § 1708, and telephone harassment in violation of 47 U.S.C. § 223(a)(1)(C). See United States v. Bowker, 372 F.3d 365, 371 (6th Cir. 2004). He is currently incarcerated in the United States Penitentiary in Lewisburg, Pennsylvania.

### *Analysis*

While *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction. McGinness v. U.S., 90 F.3d 143, 145 (6th Cir. 1996). Sovereign immunity is not waived by general jurisdictional statutes, such as 28 U.S.C. § 1331 and 1340, but rather that plaintiff must cite to an explicit waiver of sovereign immunity. Carelli v. Internal Revenue Service, 668 F.2d 902, 904 (6th Cir. 1982). A waiver of

sovereign immunity must be strictly construed in favor of the United States, unequivocally expressed, and cannot be implied. United States v. King, 395 U.S. 1,4 (1969); Soriano v. United States, 352 U.S. 270, 276 (1957). In the absence of this explicit waiver of immunity, this court lacks subject matter jurisdiction to consider a claim asserted against the United States or any of its agents sued in his or her official capacity.

Mr. Bowker claims, in part, that the defendants deprived him of "the Rights and Immunities afforded to him by the Ohio Constitution." (Compl. at 4.) The United States is not a party to or bound by the Constitution of the State of Ohio. Maxhimer v. United States, No. 5:98 CV 490, 1998 WL 556289 (N.D. Ohio Apr. 30, 1998). There is no explicit indication that the United States waived its sovereign immunity for suits under the Ohio Constitution. Id. His claim against Agent Hassman for alleged violations of the Ohio Constitution fails on similar grounds. The Ohio Constitution only permit suits against state actors acting under color of state law, and not against the federal government or federal employees acting under federal law. See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir.1994); Hightower v. United States, 205 F.Supp.2d 146, 154-55 (S.D. NY 2002).

The remainder of Mr. Bowker's claims are described only as "tortious conduct." (Compl. at 4.) The Federal Tort Claims Act, 28 U.S.C. § 1346, provides the exclusive jurisdictional basis for tort claims against the United States and its employees. Good v. Ohio Edison Co., 149 F.3d 413, 418 (6th Cir. 1998)(stating that a Federal Tort Claims action naming only the agency as a defendant must be dismissed for lack of jurisdiction because the only proper defendant is the United States); Allgeier v. United States, 909 F.2d 869, 871 (6th Cir. 1990)(concluding the United States is the only proper defendant in a suit alleging negligence by a federal employee). Before a

party may bring such an action, however, the claim must first be submitted, in writing, to the proper federal agency. 28 U.S.C. § 2675(a). The administrative prerequisites of § 2675 are met if the claimant (1) gives the agency written notice of his claim that is sufficient to enable the agency to investigate and (2) places a value on his claim. Douglas v. United States, 658 F.2d 445, 447 (6th Cir. 1981). Mr. Bowker does not allege that he properly exhausted his administrative remedies under the Federal Tort Claims Act prior to filing this action. His claims sounding in tort therefore cannot proceed.

Furthermore, even if Mr. Bowker had met the administrative prerequisites of § 2675, he still must give some indication of the legal theory upon which his claim is based. Simply claiming that the defendants engaged in "tortious conduct" is not sufficient to state a claim. Principles requiring generous construction of *pro se* pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, Mr. Bowker's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and

the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state a claim upon which relief may be granted.

### *Conclusion*

Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

DATE: 12/14/05

    /s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE
(Signed original on file)

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.